## JULIA A. WARREN v. J. C. WOOTERS ET AL.

1. PRACTICE.—See statement of case for an affidavit which would sufficiently excuse delay in filing the transcript.

2. APPEAL—AFFIDAVIT.—The affidavit required of a party wishing to appeal without giving bond, that he is unable to pay the cost, or any part thereof, or to give security therefor, must be made before the

county judge of the county where the affiant resides, or before the court trying the case. A jurat to such an affidavit, attested by the clerk of the court trying the cause, after the adjournment of the term, is not sufficient.

MOTION to file transcript from Houston county.

The opinion was based on the following motion, and on facts sufficiently stated in the opinion, viz.:

"JULIA A. WARREN, appellant,
          *vs.*
J. C. WOOTERS ET AL., appellees. }

In the Supreme Court of the State of Texas, Galveston Term, 1880.

And now, at this term of said court, comes the appellant, Julia A. Warren, by her attorney, W. B. Wall, and moves the court to allow the transcript in this cause, now in the hands of the clerk of this court, to be filed, because affiant says that he was unable to have said transcript and file the same before the return day for causes from this the fourth judicial district.

Affiant would show unto your honors that he applied to the clerk of the District Court of Houston county, in person, for said transcript about the 15th day of December, 1879, and that he was unable to get the same, as it was not made out, as he was informed by said clerk, or his deputy. And further, it is shown and alleged that at other times, between the 15th day of December, 1879, and the 1st day of July, 1880, affiant applied at the office of the district clerk for said transcript, and was informed by said clerk, or his deputy, that the same could not be delivered, as they had not been able to make out the same. And affiant further says that between the 1st day of January, 1880, and the ninth day of said month, he continued to apply for said transcript, but was unable to obtain the same for the reason, as stated, that the clerk was unable to write up said transcript. And affiant says that he continued to apply in person for said transcript, and he received the same as early as it was prepared for delivery, and that he has briefed the

same as soon as he was able to do so, as affiant was unwell at the time the same came into his hands; that said transcript was not delivered to affiant before the day assigned for the hearing of causes from this the fourth judicial district, and that he was unable to get said transcript from the clerk of the district, though often and repeatedly applied for in person by this affiant, up to the time of its delivery, the 21st of January.

Wherefore he prays to be allowed to file the same now, and for such other and further orders as may seem right and proper in the premises, and for general and special relief.

W. B. Wall,
*Att'y for Julia A. Warren.*

Sworn to and subscribed before me this January 27, 1880.
[L. S.]　　　　　　　　　J. C. English, *Clerk.*
　　　　　　　　　By S. C. Arleage, *Deputy.*"

Moore, Chief Justice.—The affidavit in support of this motion satisfactorily accounts for the delay in filing the transcript, and the motion would be granted if it did not appear on the face of the transcript that the appeal has not been perfected in accordance with the terms of the statute under which it is attempted to be prosecuted.

Where a party wishes to appeal a case without giving a bond for costs, he must make proof of his inability to pay the cost or any part thereof, or give security therefor, before the county judge of the county where he resides, or before the court trying the case. But in this case the affidavit relied upon as proof of the party's inability to pay the costs or give a bond therefor, was not made before the county judge, or, so far as appears from the transcript, ever presented to or even seen by him. The jurat to the affidavit is attested by the clerk of the District Court which tried the case. But the transcript shows this was done seventeen days after the adjournment of the court. It cannot be said, therefore, that the proof was made before the court trying the case. To warrant our saying that the proof of inability to give bond as required by law has

been made, would require that we should dispense with the proof required by the statute because a different character of proof may appear to us equally satisfactory and convincing of the truth of the fact to be established. This we have neither authority nor disposition to do. It would be a palpable and direct infringement of legislative authority, and an assumption of the right to substitute our judgment for that of the Legislature in the enactment of a statute.

MOTION OVERRULED.

[Opinion delivered February 17, 1880.]