Opinion by
White, P. J.
§ 658. Affidavit in forma pauperis in place of an appeal bond; rules as to; insufficient when; case stated. Appellants sued appellee in justice’s court, and appellee recovered judgment against them. After the adjournment of the justice’s court for the term, appellants made *575 an affidavit before him to answer instead of an appeal bond, they having given notice of appeal to the county court. In the county court the appeal was dismissed on motion of appellee because of the insufficiency of the said affidavit. Held: Our statute provides that where an appellant is unable to pay the costs of an appeal, he may be allowed to prosecute the appeal by making strict proof of his inability to pay the costs, or any part thereof. This proof is required to be made before the court in session, or the county judge of the county where such party resides, and is to consist of the affidavit of the party stating his inability to pay the costs. [R. S. art. 1401; Acts 1883, p. 113.] In Hearne v. Prendergast, 61 Tex. 621, in construing this statute it is said: “ The law does not in positive terms require that the affidavit shall be made and sworn to before the county judge, or the court trying the cause; but it was held by this -court in Wooldridge v. Roller, 52 Tex. 452, that where the affidavit was made before any other officer, the county judge must certify that the fact required to be verified by the affidavit had been proved before him. It was further held that the affidavit and the certificate of the county judge must be filed with the clerk of the court in which the case is tried in time to perfect the appeal. Of course, if the proof is made before the court trying the cause, and not the county judge, there must be some evidence in the record that the facts required to be shown by the affidavit had been established before the court. In the present case, there is in the record an affidavit in proper form, sworn to by the appellant before a notary public, but it is not certified to by a county judge, nor could it have been made in the court trying the cause, as that court had adjourned for the term, several days before the date of the affidavit.” And so in Warren v. Wooters, 52 Tex. 568, it was held that a jurat to an affidavit in forma pauperis, attested by the clerk of the court trying the cause, after the adjournment of the term, is not sufficient. And the same doctrine was held by this court in *576 Kirk v. Ivey. [Ante, § 38.] The rule is then well settled, that if the affidavit is made before some officer other than the county judge, and when not made before the court in session trying the case, it must be presented, after it is made, to the county judge, and he must certify that the facts required to be verified by the affidavit had been proved before him. When a justice’s court adjourns for the term, the justice ceases to be a court before whom such proof can be made. If he be a notary public, perhaps such affidavit may be made before him in that capacity; but even in such case, the affidavit would be insufficient unless afterwards presented to, and certified by, the county judge as above indicated. Under the rules stated the affidavit in this instance is insufficient, and the court did not err in dismissing the appeal for that reason.
April 22, 1885.
Affirmed.