A. P. WOOLDRIDGE, ASSIGNEE, *v.* GEORGE ROLLER.

1. APPEAL—AFFIDAVIT.—The affidavit of an assignee in bankruptcy, that "no property or other funds has come into my [his] possession as assignee of ———, and that I, the plaintiff herein, as assignee, am unable to give bond and security for costs, as provided by law, for the purpose of prosecuting my appeal," is not such an affidavit as is required by article 1408 of the Revised Statutes to authorize an appeal without bond.

2. ASSIGNEES IN BANKRUPTCY.—An assignee in bankruptcy does not belong to that class of trustees who are exempted by the statute from giving bond, in order to prosecute an appeal.

3. AFFIDAVIT OF INABILITY TO PAY COSTS.—An affidavit by a party desiring to appeal, that he is "unable to pay the costs," is not in compliance with article 1401 of the Revised Statutes, which requires the affiant to "make strict proof of his inability to pay the costs, or any part thereof."

4. APPEAL—AFFIDAVIT.—While the affidavit of inability to pay cost, or give security therefor, is sufficient if not contested, under article 1401 of the Revised Statutes it is only so when made before the county judge where the affiant resides, or before the court trying the cause.

5. APPEAL—AFFIDAVIT.—The affidavit required by article 1401 of the Revised Statutes to entitle a party to appeal without bond and security, cannot be made before a notary public.

6. STATUTES CONSTRUED.—See opinion for suggestions of difficulties likely to arise under article 1401 of the Revised Statutes, which are stated as a caution to parties desiring to appeal without bond, on affidavit of inability to pay costs or give security therefor.

APPEAL from Freestone. Tried below before the Hon. Joseph Abbott.

Suit was originally brought in 1868 against Robert Adams by George Roller, the appellee. It has been twice before this court, the last time reported in 46 Tex., 485. At the August Term, 1879, the case was again tried, and resulted in a verdict and judgment in favor of Roller against A. P. Wooldridge, assignee in bankruptcy of Robert Adams.

The following affidavit appears in the transcript, viz.:

"A. P. WOOLDRIDGE, assignee in bankruptcy of Robert Adams. } No. 654.

Suit determined in District Court of Freestone county, Texas, August Term, A. D. 1879.

I, A. P. Wooldridge, as assignee in bankruptcy of Robert Adams, make oath that no funds or other property has come into my possession as assignee of said Robert Adams' estate in bankruptcy, and that I, the said plaintiff herein, as assignee [of], am unable to give bond and security for costs, as provided by law, for the purpose of prosecuting my appeal, taken in this cause to the Supreme Court of the State of Texas, and am unable to pay the costs.

(Signed)          A. P. WOOLDRIDGE,
*Assignee of Estate of Robert Adams, Bankrupt.*

Subscribed and sworn to before me, at Austin, Texas, this 12th day of September, A. D. 1879.

H. B. BARNHART,
*N. P., T. C., T.*"

This was indorsed:

"Filed September 15, 1879.

J. W. WATERS,
*Clerk D. C., F. C., Tex.*"

Article 1401, following the provision which requires the appellant or plaintiff in error to execute his appeal or error bond with two or more good and sufficient sureties, conditioned that he will prosecute his appeal with effect, &c., provides:

"ART. 1401. Where an appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he

shall nevertheless be entitled to prosecute his appeal; but in order to do so he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party stating his inability to pay the costs, which affidavit may be contested by any officer of the court or party to the suit; whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party under this act to his appeal."

"ART. 1408. Executors, administrators, and guardians appointed by the courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity."

The following motion was filed by appellee's counsel in this court, viz.:

"The appellee in this cause moves the court to dismiss the appeal taken herein, on the following grounds, to wit:

"1st. The affidavit filed in lieu of an appeal bond does not show that appellant is unable himself to pay the costs of appeal, or to give bond with security for the same, but that he is unable as assignee to do so.

"2d. The said affidavit does not show that appellant is unable to pay any part of the costs of appeal.

"3d. The evidence of inability of the appellant to pay the costs of appeal, or any part thereof, is not shown by certificate of the judge of the County Court, and the record does not show that appellee or the clerk of the court below had any opportunity to contest the inability of appellant to pay the costs of appeal, or any part thereof."

*J. R. Seely*, for appellant.

*Theodoric G. Jones*, for appellee.

MOORE, CHIEF JUSTICE.—Appellee moves to dismiss this appeal because appellant has not filed with the clerk of the District Court an appeal bond, or affidavit in lieu thereof of his inability to. pay the cost of appeal, or to give security therefor, as required by chapter 19 of the Revised Statutes. (Rev. Stats., secs. 1387, 1400, 1401, 1408.) ·

Appellant does not pretend that he is personally unable to pay the costs or give an appeal bond. The affidavit upon which he attempts to maintain his appeal is simply to the effect " that no property or other funds has come into my [his] possession as assignee of  *  *  *  , and that I, the plaintiff herein, as assignee, am unable to give bond and security for costs, as provided by law, for the purpose of prosecuting my appeal, and am unable to pay the costs." Now, is this affidavit in compliance with the statute ? Most clearly it is not. Appellant does not belong to either class of trustees who are exempted by the statute from giving bond in order to prosecute an appeal. Why, then, shall it be supposed that because he has voluntarily undertaken a trust which involves him in litigation, he may demand of the officers of court the performance of gratuitous service, because trust funds have not come into his hands ?

It is a fair inference that a trustee is acting by reason of some personal interest in the business, or from the expectation of profit or remuneration to result to him from it. We think it not unreasonable, therefore, when he chooses to engage in litigation, though it be in the character or right of a trustee, not to allow him to do so at the cost of officers of court of whom he requires labor, or at the peril of the payment of costs by the opposite party. If he has no personal interest in the matter, and is unwilling to become responsible for the costs, he should require those for and at whose instance he acts, to pay, or give security for them.

But if appellant might prosecute an appeal because of his inability to pay or give security for costs, as assignee, we should

still be constrained to sustain this motion, because such proof of the fact has not been made as is required by law.

The case was decided in the District Court of Freestone county. Appellant resides in Travis county. To prosecute an appeal without bond, the section of the statute cited above (1401) says appellant "shall be required to make strict proof of his inability to pay the costs, or any part thereof." The last clause of this sentence is omitted from the affidavit. If, in legal effect, the affidavit includes it, it is by inference and deduction, and not from strict proof, as would seem more appropriate.

But, passing this by, there is a defect of a more vital and important character in the proof of appellant's inability to give security for cost. The statute continues: "Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party stating his inability to pay the costs, which affidavit may be contested by any officer of the court or party to the suit; whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party under this act to his appeal." (Rev. Stats., p. 216.) This language is certainly neither very clear nor definite. Its evident purpose is to enable the appellant to make *prima-facie* proof of his inability to give the required security, either in the county where the suit is tried or in the county where he resides, and to enable those having conflicting interest to controvert such proof in the county where the case was decided.

If the proof of inability is made in the court trying the case while in session, the contest shall be before it; if before the judge of the County Court of the county where appellant resides, then it shall be before the judge of the County Court in which the case is tried. The proof in the first instance, it is clear, consists simply of the affidavit of the party. But must this affidavit be made before the county judge, or is it

sufficient to present to him the affidavit of appellant to the facts, made before some other officer authorized to administer oaths?

The former course certainly seems to us more direct and simple. But if the affidavit may be made before some one else, it must be presented to the county judge, and he must certify that the fact required to be verified by the affidavit had been proved before him; and then the affidavit and certificate of the county judge must be filed with the clerk of the court in which the case is tried, in time to perfect the appeal. When thus filed, this proof of appellant's inability to give security may be contested before the judge of the County Court of that county.

But when and how is such contest to be instituted, conducted, and determined? Is it to be heard during term-time, or in vacation? Must notice of it be given to the appellant? If so, what must be its character? Or will it be heard *ex parte?* If so, a party may be deprived of his appeal without a hearing; while if the appeal is delayed for its termination, the twenty days for perfecting the appeal may expire; or if the appeal is perfected when the proof made before the judge of the County Court where appellant resides is filed, the term of this court to which the appeal is returnable may pass before the contest can be decided.

Most of these questions do not, however, arise on the present motion, and we shall not undertake to decide them until we are required to do so. We merely call attention to them to warn parties attempting to perfect appeals by affidavit of the difficulties and embarrassments hanging round such character of proceeding. In this case, it suffices to say that the affidavit purports to be made before a notary public of Travis county, and not before the county judge; and there is nothing in the record from which it can be inferred that proof of the inability of appellant to give security was made before or presented to said officer. The clerk of the court from which the appeal comes cannot waive the proof required by law, and

thereby give effect to the appeal, any more than he can relieve the appellant from giving a proper appeal bond.

The motion is sustained and the appeal dismissed.

DISMISSED.

[Opinion delivered January 29, 1880.]