ASALINE HEARNE v. H. D. PRENDERGAST.

(Case No. 5219.)

1. APPEAL.— The statute (R. S., art. 1401) permitting a party to prosecute an appeal, without bond, on making proof of his inability to pay the costs or any part thereof, is not complied with by making a mere affidavit of inability to pay costs before a notary, the record containing no evidence that the sufficiency of the proof of inability was passed upon in any manner by the officers on whom the statute devolves that duty.

APPEAL from Robertson. Tried below before the Hon. W. D. Wood, special judge.

*Francis M. Adams*, for appellant.

*H. D. & F. H. Prendergast*, for appellee.

WILLIE, CHIEF JUSTICE.— Our statutes provide that, where an appellant is unable to pay the costs of an appeal or give security

therefor, he may be allowed to prosecute the appeal by making strict proof of his inability to pay the costs or any part thereof. This proof is to be made before the county judge of the county where such party resides or before the court trying the case, and is to consist of the affidavit of the party, stating his inability to pay the costs. R. S., art. 1401.

The law does not in positive terms require that the affidavit shall be made and sworn to before the county judge or the court trying the cause, but it was held by this court in the case of Wooldridge v. Roller, 52 Tex., 452, that where the affidavit was made before any other officer, the county judge must certify that the fact required to be verified by the affidavit had been proved before him. It was further held that the affidavit and the certificate of the county judge must be filed with the clerk of the court in which the case is tried in time to perfect the appeal. Of course, if the proof is made before the court trying the cause, and not the county judge, there must be some evidence in the record that the facts required to be shown by the affidavits had been established before that court.

In the present case there is in the record an affidavit in proper form, sworn to by the appellant before a notary public, but it is not certified to by a county judge, nor could it have been made in the court trying the cause, as that court had adjourned for the term several days before the date of the affidavit. How this paper found its way into the files of the court is not disclosed by the record.

A statute so particular in its requirements as to the mode of perfecting an appeal cannot be satisfied by a mere affidavit taken before a notary and not passed upon in any manner by the officers to whom the law commits the trust of hearing and determining the proof upon which the appeal is to be allowed. It grants the privilege of litigating in this court without securing the officers of court payment for their services rendered in the cause — a privilege to be enjoyed under certain circumstances, and in a manner expressly provided by the statute, and its provisions in these respects must be substantially pursued. They have not been complied with in the present case and the appeal must be dismissed.

DISMISSED.

[Opinion delivered May 22, 1884.]