## C. E. GRAVES v. HENRY HORN.

### No. 853.—Decided December 24, 1895.

**Affidavit of Inability, in Lieu of Appeal Bond.**

Under article 1401, Revised Statutes, proof of inability to pay costs of appeal or give security therefor, when made during the term, must be presented to the judge on the bench. An affidavit made before the clerk and filed in his office is not a compliance with the statute either in substance or form. An affidavit made before the clerk is not the equivalent of one presented to the court. (P. 77.)

APPLICATION for writ of error to Court of Civil Appeals for Second District, in an appeal from Wichita County.

*Hodges & O'Fiel*, for application.

GAINES, CHIEF JUSTICE.—A judgment having been rendered against the applicant for the writ of error in this case in the District Court, he gave notice of appeal, and sought to perfect his appeal by filing during the term, in the office of the clerk of the court, an affidavit, made before such clerk, of his inability to pay or give bond for the costs. A motion was made in the Court of Civil Appeals by the appellee to dismiss the appeal, upon the ground that the appellant had neither filed an appeal bond nor made proper proof of his inability to pay or secure the costs; and upon hearing, the motion was sustained and the appeal dismissed. The applicant here seeks a writ of error for the purpose of reversing the judgment of dismissal.

The question is, was the mere filing of the affidavit with the clerk a compliance with the statute. Amended article 1401 of the Revised Statutes was in force when the affidavit was filed, and it is as follows: "Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to

prosecute his appeal; but, in order to do so, he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the County Judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party, stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the County Judge of the county in which the suit is pending, to hear evidence and to determine the right of the party, under this act, to his appeal." (Sayles Supplement, Art. 1401.) The precise question seems never to have been passed upon by this court in any reported case, but in former decisions the difficulty of construing the statute has been recognized. (Stewart v. Heidenheimer, 55 Texas, 644; Woolridge v. Roller, 52 Texas, 452.) In cases where the attempt was made to perfect the appeal after the term at which the judgment was rendered it was held that the affidavit must be presented and acted upon by the County Judge of the county in which the appellant resides. (Woolridge v. Roller, supra; Hearne v. Pendergast, 61 Texas, 627.) Since the County Judge of the county of the appellant's residence, when he resides in a different county from that in which the suit is tried, has no power to determine a contest if one shall be made, it is difficult to see what was the purpose of requiring the affidavit to be made before or presented to that officer. But it seems that there is reason for requiring that the proof should be made before the court, if the court be in session. The statute contains no express provision that notice shall be given, and it may be that it contemplated that if it was sought to prove the inability to secure the costs while the court was in session, a better opportunity of knowledge would be afforded to the officers and parties adversely interested, and also that the court might proceed in a summary manner to give what it deemed proper notice at once, and to require the contest, if desired, to be immediately made, to the end that it might be promptly determined. However that may be, the requirement is that if the court be in session the proof shall be made before the court; and although the affidavit of the party is sufficient, in the absence of contest, this clearly means that it shall be presented to the judge on the bench while holding sessions. (Lyons-Thomas Hardware Co. v. Perry Stove M'f'g Co., 88 Texas, 468.) An affidavit made before the clerk and filed in his office may be proof before the clerk, but it is not proof before the court. In order to obtain the benefit of the statute, a party must comply with its provisions. In this case there was a compliance neither in substance nor in form. We can not say that an affidavit made before the clerk is the equivalent of one presented to the court.

We conclude that the Court of Civil Appeals correctly dismissed the appeal and the application is therefore refused.

*Application refused.*