## SAMUEL GREEN v. J. W. HEWETT.

Decided February 17, March 24, 1909.

**1.—Probate of Will—Right to Open and Conclude.**

Two wills being offered for probate the proof of the earlier of which was unquestioned, it being clearly the will of decedent unless superseded by the second, which was attacked as a forgery, the proponent of the latter had the substantial affirmative of the issues and his counsel were entitled to open and couclude.

#### ON MOTION FOR REHEARING.

**2.—Appeal—Bond—Affidavit of Inability.**

The statute permitting affidavit of inability to give cost bond on appeal to be made before a county judge where appellant resides, refers to judges in this State, and does not authorize making it before those of other states. Harvey v. Cummings, 62 Texas, 187, questioned but followed.

**3.—Same—Waiver of Objection.**

Where a defect in the proceedings is capable of being waived, objection must be seasonably taken thereto.

**4.—Same.**

Clerks of courts of record in other States being authorized by our statute (Rev. Stats., art. 7, subd. 2) to attest affidavits to be used in Texas courts, it seems that where an affidavit is attested by the clerk of a County Court in Tennessee such court would be presumed, like our own County Court, to be one of record; and the failure of the certificate to show that it was a court of record could be supplied by evidence in support of the jurisdiction, and objection on that ground is waived if not taken before submission of the case.

**5.—Same—Approval of Affidavit by Judge.**

The requirement that affidavit of inability to secure costs on appeal should be approved by the trial judge rests, not on the statute, but on decisions; and as it is not prescribed how such approval must appear the fact could be shown by parol in support of the jurisdiction, and the requirement is one waived if not seasonably urged.

#### ON MOTION TO CERTIFY QUESTION.

**6.—Certifying Question—Conflict of Decisions.**

Conflict of a ruling of the Court of Civil Appeals with decisions of other Courts of Civil Appeals which have been, in effect, overruled by the Supreme Court, will not require certifying the question to the Supreme Court on the ground of such conflict.

Appeal from the District Court of Brown County. Tried below before Hon. Jno. W. Goodwin.

*Jenkins & McCartney* and *E. J. Miller,* for appellant.—Where the execution of an instrument is denied under oath the burden of establishing such instrument and its execution rests upon the party who offers it as the foundation of his cause and relies upon it, and in the probate of a will the burden is upon the proponent. Meade v. Logan, 110 S. W., 188; Stooksbury v. Swan, 85 Texas, 563; Jester v. Steiner, 86 Texas, 415; Harvey v. Harvey, 40 S. W., 185; Prather v. McCleland, 26 S. W., 658; 1 Redfield on Wills, p. 31; 1 Greenleaf, Ev., 73-77, 16 Cyc., 926.

The party upon whom rests the burden of proof upon the whole case is entitled to open and close the introduction of evidence and argument, and the burden in this case was upon appellant. Sayles' Rev. Civ. Stats., arts. 1297, 1299; 1 Greenleaf on Evidence, par. 74; Renn v. Samos, 33 Texas, 760; Beazely v. Denson, 40 Texas, 436; Prather v. McClelland, 26 S. W., 658.

*E. C. Harrell,* for appellee.—The appellee having charged that the instrument propounded by the appellant as the last will of Edmund Green, deceased, was a forgery, and the evidence adduced by the appellant, if unimpeached, being sufficient to establish the instrument so propounded by him, the burden of proving such instrument to be a forgery was upon the appellee who asserted that it was a forgery; and the ruling of the trial court, complained of by the appellant, was therefore correct. Kennedy v. Upshaw, 66 Texas, 448.

On motion to dismiss appeal: Harvey v. Cummings, 62 Texas, 187; Wooldridge v. Roller, 52 Texas, 452; Warren v. Wooters, 52 Texas, 570; Hearne v. Prendergast, 61 Texas, 627; Graves v. Horn, 89 Texas, 78; Smith v. Buffalo Oil Company, 87 S. W., 659; Lambert v. Western U. Tel. Co., 19 Texas Civ. App., 415; Sidoti v. Rapid Transit Ry. Co., 35 Texas Civ. App., 131; Roberts v. Houston City St. Ry. Co., 35 S. W., 66; Wyatt v. Jeffries, 43 Texas, 154; Jenks v. Jenks, 47 Texas, 221; 1 Sayles' Texas Civ. Stats., art. 7, subd. 2.

FISHER, CHIEF JUSTICE.—Appellee Hewett filed in the County Court an application to probate the will of Ed Green, deceased, dated January 22, 1906. Thereafter the appellant Samuel Green filed an application in the County Court to probate what is purported to be the last will of Ed Green, deceased, dated May 7, 1906. Both of these applications were filed as separate proceedings in the County Court. In that court the two proceedings were consolidated, and upon trial the first will—that is, the one propounded by appellee—was probated. Upon appeal to the District Court the two causes were again consolidated over the protest and objection of appellant, and upon trial there judgment was rendered as in the County Court, probating the will of January 22, 1906.

Appellee in the court below attacked the instrument propounded by appellant of date May 7, 1906, as a forgery. Upon a trial of the case in the District Court, appellant insisted that he had the right to open and close, which privilege was denied him by the trial court, and upon which ruling he has based an assignment of error.

Article 1904 of the Revised Statutes states what facts must be proven to entitle a will to be probated. Owing to the fact that an application to probate a will is a proceeding in rem, and as the provisions of the statute mentioned require certain facts to be established, they can not be waived in the court below, but in the court below, in establishing these facts, the evidence may be so satisfactory that there can be no controversy about the force and effect of the evidence by which it is sought to establish the facts; and in a contest such as this, in determining which of two wills should be established, the right to open and conclude ought to be given to the party upon whom rests the

burden of proving and establishing the only controverted issue that remains in the case. So far as the will propounded by the appellee is concerned there is absolutely no question. It appears that the testator was of sound mind, twenty-one years of age, that the court had jurisdiction of his estate, that the process had been served, that the will was executed with the formalities required by law, and that it had been revoked by the testator, provided the will of May 7th, propounded by appellant, was not genuine, and which was attacked by the appellee on the ground that the testator never executed it, or, in other words, that it was a forgery. If the latter will was executed by the testator, and was his last will, undoubtedly it should have been probated, and that, as said before, was the only controverted issue in the case, and was so regarded by the trial court in its charge to the jury. There was no other objection offered to that will. There existed all of the facts that entitled it to probation required by the statute, except the controverted issue of fact whether it was executed by the deceased, Ed Green. As to this issue, we are of the opinion that the burden of proof was upon the appellant; and this fact being the turning point in the case, he should have been accorded the privilege of opening and concluding the argument to the jury. On this question this case can be distinguished from Kennedy v. Upshaw, 66 Texas, 442.

We have examined the remaining assignments of error, and are of the opinion that they are not well taken.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### OPINION ON REHEARING.

In this case judgment was rendered in the court below against the appellant on January 20, 1908, and the motion for new trial was overruled and notice of appeal given on February 1, 1908. In lieu of appeal bond the record contains two affidavits made by appellant in Bedford County, Tennessee, where he resides, both in the form of the statute, one of date February 10, 1908, made before the clerk of the County Court of Bedford County, and the other of date February 17, 1908, made before the judge of the County Court of Bedford County. These affidavits were made after the court trying the case had adjourned.

The appeal to this court was perfected on these affidavits, and they were never questioned or contested before the case reached this court. The case was submitted during the present term, and on February 4, 1908, the appellee filed in this court a motion to dismiss the appeal on the ground that notice of appeal was not given in the time required by the statute, and that the affidavit in lieu of an appeal bond was not filed within the time required by law. We overruled the motion for the reason that the motion for new trial was overruled February 1, 1908, and that the notice of appeal then given was in time, and that the time for perfecting the appeal would commence from that date, and that, therefore, the affidavits were filed in time. This motion was

acted on the same day (February 17, 1908) that this court entered a judgment reversing and remanding the case to the court below.

On February 24, 1908, the appellee filed a motion for rehearing, questioning the disposition made of the case, as well as the motion, and in addition, for the first time, presented to this court the following objection to our judgment: "This court erred in reversing the judgment of the court below and in remanding said cause, for the reason that this court never acquired jurisdiction thereof, because the appellant has neither filed an appeal bond herein nor made proper proof of his inability to pay or secure the costs of this suit." This objection is very general and does not point out any specific objections to the affidavits upon which the appellant perfected his appeal; but appended to the motion is a written argument which attacks the affidavit made before the county judge of Bedford County, on the ground that he was not an officer before whom the affidavit could be made. On March 3, 1908, he filed what he called a supplemental motion for rehearing, in which for the first time he objects to the affidavit made before the clerk on the ground that he was not an officer before whom an affidavit can be made, and if he is, the affidavit alone, without the approval of the county judge, is not sufficient, which approval he contends was not made. It is contended by the appellant that the affidavits are sufficient, and that the objections thereto come too late, and that the failure to object and contest operated as a waiver.

On the other hand, the appellee insists that the affidavit must be made before the proper officer and in the terms of the statute, to confer jurisdiction upon this court, and that a jurisdictional question can be urged at any time. If it be true that the affidavits are void, or that they were made before an officer not authorized by the laws of this State to administer oaths and attest such documents, then there would be force in appellee's contention; but if merely defective, or there is an omission of some fact which can be waived, or which could be established by evidence, the objection should be made within a reasonable time, which question is fully passed upon and discussed in Stewart v. Heidenheimer, 55 Texas, 646. The case of Harvey v. Cummings, 62 Texas, 187, is to the effect that while the statute authorizes an affidavit if the court is not in session, to be made before the county judge of the county where the appellant resides, that this power is intended to be conferred upon the county judges of Texas, and not upon the county judges of other States. There is nothing upon the face of the statute that indicates such a limitation. It broadly says that the affidavit must be before the county judge of the county where the party resides, and the affidavit made in this instance is a compliance with the literal terms of the law. The appellant resided in Bedford County, Tennessee, and the affidavit was made before the county judge of that county. The narrow reasons given by the court in that case for restricting the operation of the statute should yield to the broader view that such statutes, with reference to the manner and method of perfecting appeals, applied alike to nonresident litigants as to those residing within the State; that the same privileges and the same methods of acquiring the benefit of the statute was intended, unless the contrary is made to appear from the express language of the law.

But however dissatisfied we may be with this decision, we feel constrained to follow it. But the appeal can, in our opinion, rest upon the affidavit made before the clerk.

It has been held that if the court that tried the case is not in session, the affidavit may be made before any officer authorized to take the affidavit of parties. Smith v. Buffalo Oil Co., 87 S. W., 659; Hearne v. Prendergast, 61 Texas, 628. And where there is no contest this is all that is required if the affidavit is approved by the county judge. The statute does not, in terms, require this approval, but there are cases holding that this should be done. Hearne v. Prendergast, supra; Wooldridge v. Roller, 52 Texas, 452. . Subdivision 2 of article 7 of the Revised Statutes authorizes clerks of a court of record, having a seal, residing in other States, to administer oaths and to take affidavits, etc. It does appear from the affidavit that the clerk is a clerk of a court having a seal, and the affidavit and jurat is in the proper and usual form, and that it was officially signed and the seal affixed. It was signed by the appellant and sworn to before the clerk. This would be a good and sufficient affidavit if made before a county clerk, and would be good and effectual in Texas by force of the article cited if made before a like officer of another State, if he has a seal of office and is clerk of a court of record. Now there are only two things that can be suggested against the sufficiency of this affidavit. The first is that it does not affirmatively appear that he is the clerk of a court of record. A sufficient answer to this might be that appellee's supplemental motion for rehearing that alone attacks this affidavit does not raise this question; but if it did, is it essential that it should appear from the face of the affidavit or the jurat that the court of which he was clerk was a court of record? It might be the fact that the court was a court of record, and by oversight or otherwise he omitted to state that fact, and if attention had been called to this omission, and objection made thereto, it could have been cured. Furthermore, it appears that the designation given to the Tennessee court is the same as the County Courts of this State, and that it has a clerk and seal, as in this State; and such being the case, we by no means are certain but that we should presume that the Tennessee County Court is similar to our County Court, which is a court of record. And we are inclined to the opinion that the presumption that the laws of a sister State will, in the absence of evidence to the contrary, be held similar to our own, should be given application in this instance.

The next objection, and the one urged in the supplemental motion for rehearing is that the affidavit made before the clerk is of no effect because it was not verified and approved by the county judge. As said before, there was no contest below, therefore there was nothing for the county judge to pass upon so far as demanded by the express terms of the statute. But there are decisions which, as before said, hold that when the affidavit is made before some other officer than the county judge, it must be approved by the latter. This requirement was by these decisions read into the law, just as the county judges out of the State were read out of the law by the opinion in Harvey v. Cummings, all of which illustrates the evil of courts undertaking to subtract or add to legislative enactments. But, however, we will yield again as

we did to Harvey v. Cummings, and see how the matter stands with reference to this objection. Just how the approval of the county judge should be made and preserved we do not know. It may be that he did approve the affidavit, and that might be made to appear in some other document, or in some other way than by an endorsement on the affidavit. All that we know is that there is nothing in the record upon this subject, nor are there any affidavits filed or proof made in this court relating to that question. If it is a fact that the affidavit was approved, although no record is made of it, we are inclined to the opinion that we would have jurisdiction, and on appeal could determine and ascertain that fact in this court. Smith v. Buffalo Oil Co., supra. The appellee has permitted, without objection or raising this question, this affidavit to be acted upon as perfecting the appeal and the case submitted in this court and decided, and the first time we hear from him on this subject is in his second or supplemental motion for rehearing, relying merely upon the fact that the record does not contain a certificate of approval of the county judge, without any affidavit or proof of the fact that such approval was not in fact made.

On the two grounds considered the affidavit is not void; therefore the objection thereto coming at this late day should be held to be waived. Stewart v. Heidenheimer, supra.

The motion for rehearing, complaining of the disposition made of the case, as well as the motion for rehearing on the action of the court in refusing to dismiss and the motions to dismiss filed since the judgment was rendered, are all overruled.

*Motions overruled.*

### OPINION ON MOTION TO CERTIFY TO SUPREME COURT.

It is claimed by appellee in his motion to certify the question decided in our opinion of March 24, 1909, overruling the motion to dismiss the appeal, that our opinion conflicts with the decision of the Court of Civil Appeals of the Fifth District in the case of Sidoti v. Rapid Transit Ry. Co., 79 S. W., 327, and the case of Saunders v. Benson, 114 S. W., 435, by the Court of Civil Appeals of the Second District. The principal reason given in the Sidoti case why the affidavit in lieu of the appeal bond was not sufficient, and why the law had not been complied with, was approved in the case of Smith v. the Buffalo Oil Co., in 85 S. W., 482, by the Court of Civil Appeals of the First District, where the Sidoti case was expressly cited with approval, and the appeal was there dismissed for the same reason as stated in the first case. Smith v. Buffalo Oil Co. went to the Supreme Court on writ of error, and will be found reported in 87 S. W., 659, where the rule announced in the two cases noticed was disapproved and the Supreme Court in its opinion substantially held that the statute should not be given such a rigid construction as to defeat the right of appeal.

The case of Saunders v. Benson, which it is claimed we are in conflict with, in part, relies upon the two first cases cited as a basis for its decision. The court, in deciding the case and preparing its opinion, evidently overlooked the case of Smith v. Buffalo Oil Co. by the

Supreme Court, but, as before said, it cites with approval the Sidoti case and Smith v. The Buffalo Oil Co., by the Court of Civil Appeals, in 85 S. W., 481, which was overruled by the decision of the Supreme Court.

We have not conflicted with any settled decision upon the question passed upon in our opinion. We expressly yielded to decisions which we did not approve. In reaching the conclusion expressed in our opinion we, in the main, relied upon the fact that those objections pointed out in the opinion to the affidavit could be waived, and that by reason of the long delay upon the part of appellee he waived the objections to the affidavit that we discussed.

*Motion overruled.*