## LEDBETTER et al. v. MARTINEZ.
### (No. 7276.)

Court of Civil Appeals of Texas. Austin.
Jan. 9, 1929.

Rehearing Denied Jan. 23, 1929.

House & Wilson, of Dallas, for appellants.
Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellee.

BLAIR, J. Heretofore we dismissed this cause for want of jurisdiction, holding that appellants failed to comply with article 2266, R. S. 1925, in that they made proof of their inability to pay costs of appeal "before the court trying the case" after the adjournment of the term at which the case was tried. In this we followed the general language used in the cases of Wooldridge v. Roller, 52 Tex. 452; Hearne v. Prendergast, 61 Tex. 627; Graves v. Horn, 89 Tex. 77, 33 S. W. 332; Harris v. Davis, Agent (Tex. Civ. App.) 267 S. W. 1045, and other cases which hold in general terms that proof of inability to pay costs of appeal when made "before the court

trying the case" must be made while the court is in session and during the same term at which the case is tried. A more careful examination of these cases shows, however, that in each instance the proof was made before the "judge" of the court trying the case or some other officer, and after the adjournment of the term at which the case was tried and while the court which tried the case was in vacation. We must therefore construe the general language used in the light of the facts of the case in which it was used. When we do so, these cases simply make a distinction between a hearing on the question of inability to pay costs of appeal before the "judge" of the court trying the case after adjournment and during vacation, and a hearing "before the court trying the case" while "in session." The reason for this distinction is predicated upon the rule that the question of inability to pay costs of appeal is one for judicial ascertainment, and therefore not determinable by the judge of the court after the adjournment of the term at which the case is tried and while the court is in vacation.

But we have a different state of facts here. Here the "court trying the case" reconvened for a new term immediately upon the adjournment of the term at which the case was tried, and appellants made their proof of inability to pay costs of appeal at this subsequent term and within the time prescribed by the statutes for the making of such proof and for filing the affidavit in lieu of a cost bond. We must therefore conclude that appellants made proof of their inability to pay costs of appeal "before the court trying the case" while "in session," in open court, within the time prescribed by law and as required by article 2266. Under such facts the following cases hold that an appeal in forma pauperis is perfected: Cox v. Hightower (Tex. Civ. App.) 47 S. W. 1049; Ostrom v. Arnold (Tex. Civ. App.) 58 S. W. 632; Smith v. Buffalo Oil Co., 99 Tex. 77, 87 S. W. 659; Hugle v. Fritz Motor Co. (Tex. Com. App.) 6 S.W.(2d) 84. Having reached this conclusion, we set aside our former order dismissing the case and reinstate same for a hearing on the merits.

Passing to the merits, we adopt appellee's statement of the nature of the suit as follows: "The appellants, Mrs. Louise Ledbetter and R. L. Ledbetter, husband and wife, sought to recover 80 acres of land out of the Harvey G. Wilson Survey, in Dallas county, Texas, and to cancel certain instruments affecting the title to this land. The first and principal instrument thus sought to be cancelled is a deed of trust covering the land, executed by G. B. Pierce to James Jackson, Trustee, on Sept. 16, 1920, which secured a note for $3,500.00 executed by Pierce to the order of R. L. Ledbetter. This note was

transferred by Ledbetter to J. M. Cochran; by Cochran to the Dallas Morris Plan Bank, and by such bank to P. P. Martinez, appellee herein. The second important instrument for which cancellation is sought is the Trustee's Deed from James Jackson, Trustee to P. P. Martinez, dated May 8, 1923, executed pursuant to the powers contained in the deed of trust from Ledbetter to Jackson, hereinabove mentioned. The grounds for the relief for which appellants pray are in substance that the land in controversy was, on September 16, 1920, the homestead of the appellants and that the $3,500.00 note secured by the deed of trust to Jackson was a fictitious vendor's lien note, created in a conveyance from appellants to Mrs. Ella Ledbetter, a widow, and mother of R. L. Ledbetter, to G. B. Pierce. It is alleged that this conveyance was made solely for the purpose of creating a fictitious lien note and that Mrs. Louise Ledbetter was induced to sign the instrument through fraudulent representations of R. L. Ledbetter and G. B. Pierce. Appellants further allege that the successive transferees had notice of the fact at the time each acquired the note that the property was appellants' homestead. Two of the original defendants, Madison and Britton, made default, it being disclosed that they had no interest in the property, and defendant Martinez answered by demurrers, general and special, general denial and by special pleas that all of the transferees of the note were innocent purchasers for value and without notice of the fictitious character of the transaction out of which the note was given and that the appellants were estopped for various reasons from asserting the invalidity of the liens securing the $3,500.00 note. Martinez, therefore, prayed that plaintiffs take nothing against him, and that he have judgment quieting his title to the property and removing appellants' claim thereto as a cloud thereon; and in alternative that he have judgment determining the amount justly owing to him on the aforesaid $3,500.00 note, and foreclosing the liens securing such note."

At the conclusion of the evidence, when both sides had rested, appellee moved for a peremptory instruction upon the ground that the undisputed evidence showed the land in controversy to be a part of the homestead of W. O. Ledbetter and Mrs. Ella Ledbetter, parents of appellant R. L. Ledbetter, prior to W. O. Ledbetter's death; that upon his death Mrs. Ella Ledbetter continued to reside upon and use such property as her homestead, and that therefore she alone could assert the homestead rights in and to the property, and could give a mortgage thereon; whereupon appellants obtained leave to file a trial amendment, alleging that Mrs. Ella Ledbetter had waived and relinquished her homestead rights in the land to appellants, Mrs. Louise Ledbetter and R. L. Ledbetter, and requested permission to withdraw their announcement of closing the testimony and to reopen the case for the purpose of proving by themselves and other witnesses present at the trial the allegations of the trial amendment. The court refused permission to reopen the case and to introduce further testimony, and then peremptorily instructed the jury to find for appellee by establishing the amount owing on his note and for foreclosure of the lien securing its payment on the land in controversy. Judgment was in accordance with this instructed finding.

Two questions are raised on this appeal: First, Did the court err in peremptorily instructing the jury? and, second, Did the court abuse its discretion in refusing to permit appellants to reopen their case and introduce further testimony as requested?

We have reached the conclusion that the court clearly abused its discretion in refusing to permit appellants to reopen their case and introduce further testimony as to the homestead rights of Mrs. Ella Ledbetter, which was the pertinent and material issue in the case, and the issue upon which the court evidently based its instructed verdict and the judgment. The appellants offered to prove by themselves and other witnesses in attendance upon the court these pertinent facts which would have prevented the instructed verdict, and which, if believed by the jury, would have fully sustained a verdict in their behalf. These witnesses were present at the trial, and to have allowed them to testify would not have materially delayed the trial. Under such circumstances our courts have held in the following cases that it is an abuse of discretion for the court to refuse to reopen the case and to permit the introduction of such evidence, subject to rebuttal or explanation, upon the ground that such procedure is "for the advancement of the right, and to the end that justice may be done conformably to the laws." Pittsburg Plate Glass Co. v. Roquemore (Tex. Civ. App.) 88 S. W. 449; Puckett & Wear v. City of Fort Worth (Tex. Civ. App.) 180 S. W. 1115; St. Louis A. & T. R. Co. v. Fire Association of Philadelphia, 55 Ark. 163, 18 S. W. 43; Parker-Washington Co. v. Dennison, 249 Mo. 449, 155 S. W. 797; Meyers v. Kilgen, 177 Mo. App. 724, 160 S. W. 569; State ex rel. Park Nat. Bank v. Globe Indemnity Co. (Mo. App.) 2 S.W.(2d) 815.

Since we are reversing the case on the ground above stated, it is unnecessary to determine whether the court erred in instructing a verdict upon the ground that the evidence introduced showed that only Mrs. Ella Ledbetter could assert a homestead right in the property. If on another trial appellants introduce the evidence offered on the request to reopen the case, the issue will be one for the jury.

The cause is reversed and remanded for another trial.

Reversed and remanded.