

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 8, 2004

The Honorable Bryan Goertz
Bastrop County Criminal District Attorney
804 Pecan Street
Bastrop, Texas 78602

Opinion No. GA-0176

Re: Whether article XI, section 7 of the Texas Constitution bars a county from agreeing to indemnify an appraisal district for the costs of litigation arising from the appraisal district's performance of 9-1-1 services for the county (RQ-0122-GA)

Dear Mr. Goertz:

You ask whether Bastrop County may agree to indemnify the Bastrop Central Appraisal District (the "BCAD") for the costs of litigation arising out of the appraisal district's performing services for the county under an interagency contract.[1]

Bastrop County participates in a regional 9-1-1 plan established under Health and Safety Code chapter 771. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 771.055-.058 (Vernon 2003); 1 TEX. ADMIN. CODE ch. 251 (2003).[2] The county has contracted with the BCAD for assistance with 9-1-1 addressing, database program management, and office space. *See* Request Letter, *supra* note 1, at 1. Under the agreement, BCAD assigns two full-time employees to work exclusively on functions designed to get emergency services quickly to county residents, and the county agrees to compensate BCAD in an amount not to exceed $99,956.00. *Id. See* Tex. Att'y Gen. LO-95-035 (authority of appraisal district to maintain and provide location information for providing 9-1-1 service). The BCAD employees do not become county employees. *See* Request Letter, *supra* note 1, at 1.

Your question relates to the following contract provision:

> 14.1. At its sole expense, the County shall defend BCAD, its officers, employees, and agents against any claim, suit or

---

[1]Letter from Honorable Bryan Goertz, Criminal District Attorney, Bastrop County, to Honorable Greg Abbott, Texas Attorney General (Oct. 9, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See also* Interlocal Contract for Rental of Office Space[,] Performance of 9-1-1 Addressing Responsibilities and Enhanced 9-1-1 Database Program, at art. VI (attachment to Request Letter) [hereinafter Contract].

administrative proceeding arising out of an act or omission of the County's officers, employees, or agents under this contract. County shall be solely responsible for all costs, expenses, and damages associated with any litigation which may arise from the installation, operation, or administration of 9-1-1 services in Bastrop County, so long as BCAD is performing its duties in good faith under this contract. Neither BCAD nor any other taxing unit in Bastrop County shall be responsible for any such costs, expenses or damages.

Contract, *supra* note 2, art. 14. You are concerned that article 14 provides for an indemnification prohibited by article XI, section 7 of the Texas Constitution. You ask the following question:

Does Article XI, Section 7 of the Texas Constitution prohibit a commissioners court from agreeing, under a contract between the county and the Bastrop Central Appraisal District, that the county be solely responsible for all costs, expenses, and damages associated with any litigation which might arise from the installation, operation or administration of 9-1-1 services in Bastrop County so long as BCAD is performing its duties in good faith under this contract?[3]

This office does not construe contracts, but we will address a public entity's authority to agree to a particular contract term, if the question can be answered as a matter of law. *See* Tex. Att'y Gen. Op. Nos. GA-0078 (2003) at 2, JC-0532 (2002) at 1.

Article XI, section 7 provides in pertinent part as follows:

[N]o debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund;
. . . .

TEX. CONST. art. XI, § 7.

A "debt" within this provision includes any pecuniary obligation imposed by contract, except one that at the time of the agreement the parties reasonably expected to be satisfied out of current revenues for the year or a fund within the county's immediate control. *See Tex. & New Orleans R.R. Co. v. Galveston County*, 169 S.W.2d 713, 715 (Tex. 1943), *McNeill v. City of Waco*, 33 S.W. 322, 323 (Tex. 1895), *City of Bonham v. Southwest Sanitation, Inc.*, 871 S.W.2d 765, 768 (Tex. App.–Texarkana 1994, writ denied). In *Texas & New Orleans Railroad Co. v. Galveston County*, the

---

[3]Letter from Honorable Bryan Goertz, Criminal District Attorney, Bastrop County, to Honorable Greg Abbott, Texas Attorney General (Oct. 23, 2003) (on file with Opinion Committee).

Supreme Court of Texas addressed Galveston County's agreement to indemnify private railway companies for their liability in using a causeway and drawbridge built jointly by the county and the railway companies. The court observed that when the parties made the agreement they could not determine when such liability might arise or what its extent would be and held that the county's agreement to indemnify the railway companies created a debt within article XI, section 7. *See Tex. & New Orleans R.R. Co.*, 169 S.W.2d at 715. Because the county had not, at the time it made the agreement, provided "for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund" to pay the debt, the indemnity agreement was invalid. *Id.*

In *Brown v. Jefferson County*, 406 S.W.2d 185 (Tex. 1966), the Supreme Court of Texas addressed an agreement between the United States and Jefferson County for financing and constructing a bridge. *See id.* at 186. Upon completion, the county would assume all obligations of ownership, operation, and maintenance of the new bridge. *See id.* at 188. The county also agreed to hold and save the United States free from damages resulting from construction of the project, and the commissioners court had by resolution provided for levying and collecting a tax to pay interest upon and creating a sinking fund for retiring any debt arising from the hold and save harmless provision. *See id.* The court held that the agreement and the resolution complied with article XI, section 7 of the Texas Constitution. *See id.* Although the "hold and save harmless" provision created an indeterminate future liability to a third party, the county could agree to it if it levied the tax and established the sinking fund required by the constitution. *See id.* *See generally* Tex. Att'y Gen. Op. No. DM-467 (1998) at 5.

In summary, a county's agreement to indemnify a third party for damages arising from the third party's acts creates a debt within article XI, section 7 of the Texas Constitution. A county may undertake such obligation only by providing, at the time the debt is created, for levying and collecting a tax in compliance with article XI, section 7. To the extent that article 14 of the contract requires Bastrop County to indemnify BCAD, its officers, and employees for actions taken by those third parties in performing their contractual duties, the county may not agree to it absent compliance with the procedures in article XI, section 7. *See* TEX. CONST. art. XI, § 7.

We are informed that the contract is renewed on an annual basis,[4] but this fact does not change our conclusion, because an action taken under the contract in one year may result in litigation in a future year. The parties cannot, at the time of the agreement, reasonably expect the costs of litigation and associated damages to be satisfied out of "current revenues for the year" or a fund within the county's immediate control. *See Tex. & New Orleans R.R. Co.*, 169 S.W.2d at 715; *McNeill*, 33 S.W. at 324.

---

[4]*See* Request Letter, *supra* note 1, at 2; *see also* Brief from Kirk Swinney, Attorney for BCAD, McCreary, Veselka, Bragg & Allen, P.C., to Honorable Greg Abbott, Texas Attorney General at 2 (Nov. 26, 2003) (on file with Opinion Committee).

A brief submitted by the Commission on State Emergency Communications points out two provisions that are relevant to your concern about liability in connection with providing 9-1-1 services.[5] The Health and Safety Code includes the following provision:

> (b) A member of the commission or of the governing body of a public agency is not liable for any claim, damage, or loss arising from the provision of 9-1-1 service unless the act or omission causing the claim, damage, or loss violates a statute or ordinance applicable to the action.

TEX. HEALTH & SAFETY CODE ANN. § 771.053(b) (Vernon 2003). Section 771.001 defines a "public agency" as "the state, a municipality, *a county*, an emergency communication district, a regional planning commission, *an appraisal district*, or any other political subdivision or district that provides, participates in the provision of, or has authority to provide fire-fighting, law enforcement, ambulance, medical, 9-1-1, or other emergency services." *Id.* § 771.001(7) (emphasis added).

The Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (Vernon 1997 & Supp. 2004), provides as follows:

> (a) In this section, "9-1-1 service" and "public agency" have the meanings assigned those terms by Section 771.001, Health and Safety Code.

> (b) This chapter applies to a claim against a public agency that arises from an action of an employee of the public agency or a volunteer under direction of the public agency and that involves providing 9-1-1 service or responding to a 9-1-1 emergency call *only* if the action violates a statute or ordinance applicable to the action.

*Id.* § 101.062 (Vernon 1997) (emphasis added). *See City of Galveston v. Whitman*, 919 S.W.2d 929, 932 (Tex. App.–Houston [14th Dist.] 1996, writ denied) (emergency service dispatchers were immune from suit brought under Tort Claims Act because the city, the dispatchers' employer, was immune from suit). You may wish to consider these statutory limits on liability in relation to your contract with BCAD.

---

[5]Brief from Paul Mallett, Executive Director, Commission on State Emergency Communications, to Opinion Committee, Office of the Attorney General (Nov. 25, 2003) (on file with Opinion Committee). The Commission on State Emergency Communications administers the implementation of statewide 9-1-1 service. *See* TEX. HEALTH & SAFETY CODE ANN. § 771.051 (Vernon 2003).

## S U M M A R Y

Article XI, section 7 of the Texas Constitution prohibits Bastrop County from indemnifying the Bastrop Central Appraisal District, its officers, and its employees for their actions in performing 9-1-1 services for the county under contract unless the county, at the time of contracting, levies and collects a tax as required by the constitutional provision.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee