April 8, 2009

The Honorable Bill Moore
Johnson County Attorney
Guinn Justice Center
204 South Buffalo Avenue, Suite 410
Cleburne, Texas 76033-5404

Opinion No. GA-0706

Re: Authority of a commissioners court to lease county property to a non-profit organization for less than fair market value (RQ-0756-GA)

Dear Mr. Moore:

You tell us that the Johnson County Commissioners Court, after following the bidding procedures in section 263.007, Local Government Code, leased county-owned office space to two non-profit organizations.[1] You inform us that the leases to the two organizations provide, among other things, for rental of $1.00 per year to Johnson County, which the commissioners court recognizes is less than fair market value. *See* Request Letter at 2. You ask whether the county can "lease county owned office space to a private non-profit organization for less than fair market value and remain in compliance with the competitive bidding procedures of [section] 263.007 of the Texas Local Government Code when no statutory exception to [section] 263.007 exists[.]" *Id.* at 1.

Section 263.007 authorizes a county commissioners court to adopt a competitive sealed-bid or sealed-proposal procedure for the sale or lease of county-owned property. *See* TEX. LOC. GOV'T CODE ANN. § 263.007(a) (Vernon Supp. 2008). Only subsection 263.007(c), which applies solely to the sale of property, expressly refers to fair market value. That subsection requires a commissioners court, "[b]efore *selling property under this section* . . . [to,] (1) obtain an appraisal of the property's fair market value; and (2) determine a minimum bid amount, based on the appraisal." *Id.* § 263.007 (emphasis added). The requirements of subsection 263.007(c) do not apply to the *leasing* of property. Further, section 263.007 does not expressly prohibit the acceptance of a bid that is for an amount less than fair market value in connection with a lease. *Compare id.* § 263.007, *with id.* § 263.002(c) (Vernon 2005) (prohibiting specified property from being sold or leased for less than the reported fair market value or fair lease value); *cf. id.* § 272.005(b)(2) (Vernon Supp. 2008) (authorizing lease of property by one political subdivision to another for less than fair market value to promote and maintain political subdivision's public purpose). The acceptance of a bid under section 263.007 is a matter the statute leaves to the reasonable discretion of the commissioners court in the first instance, subject to judicial review. *See Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997) (recognizing district court's supervisory control over

---

[1]*See* Request Letter at 2 (*available at* http://www.texasattorneygeneral.gov).

a commissioners court that acts beyond its jurisdiction or abuses its discretion). Accordingly, we conclude that the mere fact a lease let under section 263.007 is for less than fair market value does not violate the express terms of section 263.007.

At the same time, a lease that may otherwise conform to a statutory provision must also satisfy the Texas Constitution. *See, e.g.*, TEX. CONST. art. III, § 52 (prohibiting counties from making gifts or grants of public funds); *id.* art. XI, § 7 (imposing limits on county debt). Article III, section 52, precludes political subdivisions from using public funds for private purposes. However, a use of public funds that benefits a private person or entity will avoid violating article III, section 52 if the use of public funds satisfies the following three part test: (1) the predominant purpose of the expenditure is to accomplish a public purpose, not to benefit private parties; (2) there are adequate public controls in place to ensure that the public purpose is accomplished and to protect the public's investment; and, (3) the political subdivision is receiving adequate consideration. *Tex. Mun. League Intergovernmental Risk Pool v. Tex. Worker's Comp. Comm'n*, 74 S.W.3d 377, 383 (Tex. 2002). The factual determination regarding whether a public expenditure satisfies this test is for the governing body of the political subdivision in the first instance and is a determination to which a court generally defers. *See* Tex. Att'y Gen. Op. No. JC-0582 (2002) at 6–7 (recognizing question of sufficiency of consideration under article III, section 52 is determination for public entity and judicial deference). Article XI, section 7 prohibits a county from incurring debt for any purpose unless the county simultaneously provides for the levying and collecting of "a sufficient tax to pay the interest thereon and provide at least two percent. . . as a sinking fund." TEX. CONST. art. XI, § 7; *see also McNeill v. City of Waco*, 33 S.W. 322, 323 (Tex. 1895) (defining the term "debt" and determining that a contract does not create a debt if the parties lawfully and reasonably contemplate when the contract is made that the obligation will be satisfied out of current revenues for the year, or out of some fund then within the immediate control of the governmental unit). Whether a particular lease creates a debt for the purposes of article XI, section 7 will depend upon the lease terms. *See* Tex. Att'y Gen. Op. No. GA-0652 (2008) at 4 (recognizing that analysis under article XI, section 7 would require examination of contract dates and terms). As we have not reviewed the terms of the proposed leases, we cannot determine whether they create a debt under article XI, section 7 as a matter of law. *See* Tex. Att'y Gen. Op. No. JC-0395 (2001) at 3 (determining as a matter of law that a multi-year contract for leasing office equipment constituted a "debt").

## S U M M A R Y

A commissioners court's lease of county property for an amount less than fair market value does not violate the express terms of section 263.007, Local Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee