JOHN O. ROWLETT v. H. L. WHITE ET AL.

Delivered May 26, 1898.

**Official Bond—County Judge—Liability of Sureties.**

The sureties on the bond of a county judge executed in accordance with Revised Statutes, article 1125, and conditioned that he will pay over to the person or officer entitled to it all sums of money that may come into his hands as such judge, are not liable to a successful contestant of the office for salary paid to their principal.

APPEAL from Jackson. Tried below before Hon. T. S. REESE.

*J. M. Moore* and *John O. Rowlett,* for appellant.

*A. B. & W. M. Peticolas* and *W. A. McDowell,* for appellees.

GARRETT, CHIEF JUSTICE.—This was a suit by the appellant, John O. Rowlett, to recover of the sureties upon a bond of the appellee, H. L. White, as county judge of Jackson County, certain sums of money alleged to have been received and collected by the said White while he was wrongfully holding the office of county judge to which appellant was entitled.

It was averred that at the regular election in 1894 the appellant was elected county judge of Jackson County, and was entitled to the office from the 6th day of November, 1894, and to receive the salary and perquisites thereof, and that said White wrongfully, knowingly, and illegally usurped and seized the office and withheld it from the plaintiff until the 10th day of February, 1896, receiving all the fees, perquisites, and emoluments attaching thereto, amounting to an aggregate sum mentioned in the petition which was itemized in an exhibit attached thereto. Plaintiff averred that the said White as principal entered into a joint and several bond with the other named defendants as sureties, payable to the county treasurer of the county, and conditioned to pay over to the person or officer entitled to receive the same, all moneys that might come into his hands as county judge, within thirty days after receipt of the sums, and that said moneys mentioned in the exhibit of the petition had so come into his hands and that the plaintiff was entitled to receive the same, and although requested to do so, the said White had failed and refused to pay the same, or any part thereof, to plaintiff, whereby the defendants became liable, etc.

To put the matter briefly, this is a suit upon the bond of a county judge declared to have been elected and who had duly qualified as such, to recover the fees and emoluments of the office received by him during his incumbency, brought by a successful contestant for the office. The sureties demurred to the petition, that they were liable only for the official acts of the county judge prescribed by law to be performed by him, and that the petition set up no cause of action valid in law against them. The court below sustained the demurrer, and the plaintiff having declined to amend, rendered judgment in favor of the sureties, but against White.

The bond sued on was executed in accordance with article 1125 of the Revised Statutes. An officer whose election has been successfully contested is liable to the contestant for the salary and fees of office received by him during his incumbency, but the bond required by the statute to be executed by the incumbent of the office was not intended to secure the contestant in the payment of such salary and fees. This has been expressly decided in the case of Curry v. Wright, 86 Tennessee, 636. That such was not the construction placed by the Legislature upon the statute prescribing the conditions of the bond is borne out by the provisions of the law of 1876 (Revised Statutes 1879, article 1735, et seq.), which was afterwards held unconstitutional, and the Act of 1895 passed after the amendment of the Constitution (Revised Statutes, 1895, article

1804, et seq.), which requires the contestee to give bond payable to the contestant for not less than double the probable amount of the salary and fees of the office. In any event, a bond conditioned that the officer will pay over to the person or officer entitled to it all sums of money that may come into his hands as such officer, is an official bond and security only for official default.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*