The third special charge is further erroneous in that it assumes that Clack's use of the land about Dougherty's place for grazing cattle, sheep, or goats, was hostile to that of Dougherty; whereas, the jury might have found, under the circumstances, that Clack's use of the land was in recognition of Dougherty's title, Dougherty having purchased from and been put in possession by Clack.

The seventh special charge is erroneous for two reasons: First, it is not necessarily true that Dougherty's failure to make a claim against the railroad company for damages when it built its line across the land would defeat his right to hold the same by limitation of 10 years, even though his purpose was to conceal the fact of his claiming the land; and, second, certainly Sarsfield's recognition of the rights of the real owner, even though assented to by Dougherty, could affect only that portion of the land occupied by Sarsfield of which the land in controversy was not a part.

For the error in giving these special charges, the judgment is reversed, and the cause remanded.

DUNKLIN, J., not sitting.

---

BUSH v. ATWOOD et al.

(Court of Civil Appeals of Texas. Jan. 21, 1911.)

1. APPEAL AND ERROR (§ 389*) — AFFIDAVIT IN LIEU OF APPEAL BOND — DESCRIBING JUDGMENT.

Under the statute allowing one unable to pay the costs of appeal or give bond therefor to appeal on making strict proof of such inability before the county judge of the county where he resides, or before the trial court, an affidavit not identifying the judgment appealed from is insufficient to confer jurisdiction on the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2072–2076; Dec. Dig. § 389.*]

2. APPEAL AND ERROR (§ 389*)—AFFIDAVIT IN LIEU OF APPEAL BOND — AMENDMENT ON APPEAL.

The appellate court has no authority to permit amendment of the affidavit of inability to pay or secure costs, on which appeals may be taken without bond, it being insufficient to confer jurisdiction on the appellate court, because not identifying the judgment appealed from.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 389.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Ed Bush against E. B. Atwood and others. From an adverse judgment, plaintiff appeals. Dismissed.

Wasson & Capers, for appellant.

TALBOT, J. This is an appeal from a judgment of the district court of Dallas county dissolving a temporary injunction thereto-

fore granted in the above-styled cause, and dismissing said cause. No appeal bond appears to have been filed, but the appellant seeks to prosecute the appeal under that provision of our statute, which declares that, where the appellant or plaintiff in error is unable to pay the costs of appeal or give security therefor, he shall nevertheless be entitled to prosecute his appeal, provided he makes strict proof by affidavit of his inability to pay the costs or any part thereof before the county judge of the county where the appellant or plaintiff in error resides, or before the court trying the case. The affidavit filed by the appellant under this statute, however, does not describe or otherwise identify the judgment appealed from, and is not sufficient to confer jurisdiction upon this court. Vestal v. Reese et al., 28 S. W. 54; Dixon et al. v. Southern Bldg. & Loan Ass'n, 28 S. W. 58; Demonet v. Jones, 42 S. W. 1033. While the statute allows defective appeal or writ of error bonds to be amended, there is no authority in the Court of Civil Appeals to permit such an affidavit to be amended. Roberts v. Railway Co., 35 S. W. 66; Demonet v. Jones, 42 S. W. 1033. It follows that the appeal must be dismissed, and it is accordingly so ordered.

Appeal dismissed.