## W. F. ARBUCKLE V. THE STATE.

No. 9760.   Delivered on Mandamus October 21, 1925.

Rehearing on Mandamus denied December 9, 1925.

Delivered on Merits, January 13, 1926.

Rehearing denied February 17, 1926.

**1.—Murder—Mandamus—To Require Stenographer to Prepare Statement of Facts—Refused.**

Appellant presents an application for a writ of mandamus to compel the court reporter to prepare and file a statement of facts in this cause, under Art. 845-A Vernon's C. C. P. By Act of the 39th session of the Legislature, the stenographers act was amended, and Art. 845-A was left out. This amended law took effect on June 18, 1925. The new C. C. P. of 1925 reenacted in a modified form the repealed Art 845-A. This new C. C. P. took effect on Sept. 1, 1925. On the 10th day of Aug., 1925, there was no law requiring court stenographers on oath pauperis to prepare and file a statement of facts, and the mandamus is refused.

ON REHEARING MANDAMUS PETITION

**2.—Same—Continued.**

On rehearing appellant insists that under Art. 2098 Vernon's Civil Statutes he is entitled to a statement of facts on his oath in forma pauperis. Said Article relates only to civil appeals, and has no bearing whatever on statement of facts, and his motion for rehearing will be overruled.

ON THE MERITS

**1.—Murder—Remarks of Court—Not Prejudicial—No Error Shown.**

Where, on the first day of the trial, the court had fined a state witness in the case, and sent him to jail under the belief that the witness was drunk, and on the following day the witness appeared and explained to the court that he was not drunk, but was ill, whereupon the court or-

dered the clerk to remit the fine, and apologized to the witness for his mistake, no injury being shown to appellant, no error is presented.

**2.—Same—Impeaching Appellant—Other Offenses—Properly Admitted.**

Where appellant had testified in his own behalf, there was no error in permitting the state on cross-examination to show that he had formerly been charged with and arrested for a felony. Such testimony is admissible for impeachment purposes in this state and it is no longer debatable. Following White v. State, 33 Tex. Crim. Rep. 177 and other cases cited.

ON REHEARING ON MERITS

**3.—Same—Continued.**

On rehearing appellant urges that we were in error in our original opinion in holding that the state might show on cross-examination of appellant that he had been arrested theretofore charged with a felony. The defendant or any other witness can be impeached by showing that he has been legally charged with a felony or a misdemeanor involving moral turpitude. This is the long-established rule in this state, and appellant's motion for rehearing is overruled.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippen, District Judge.

Appeal from a conviction for murder, penalty twenty-five years in the penitentiary.

The opinion states the case.

*G. W. Lindsey* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the District Court of Dallas County for the offense of murder and his punishment assessed at confinement in the penitentiary for a term of twenty-five years.

The case is now before us on the appellant's application for a writ of mandamus to compel the court reporter, John H. Bond, who reported the testimony and proceedings of this cause, to transcribe and file with the district clerk of Dallas county a narrative statement of the facts as reported by him. Said application shows that the transcript has been filed herein and the same is not accompanied with a statement of the facts for the reason that appellant is entirely destitute and without funds to pay for his appeal and unable to pay the said court reporter or secure payment to him for transcribing and filing the statement of facts herein. The application further shows

that on the 10th day of August, 1925, the defendant filed his affidavit in forma pauperis as required by Art. 845-A Vernon's C. C. P. in the Criminal District Court of Dallas County, Texas, and requested the judge of said court to make an order directing said court reporter to transcribe and file with the clerk of said court the statement of facts as reported by him at the trial of said cause. Said application further shows that the judge of said court has refused to compel the said court reporter to prepare and file said statement of facts in narrative form as required by the above article of the statute. The article of the statute referred to is as follows:

"Provided that when any criminal case is appealed and the defendant is not able to pay for a transcript as provided for in Sec. 5 of this Act, or to give security therefor, he may make affidavit of such fact and upon the making of such affidavit, the court shall order the official shorthand reporter to make such transcript in duplicate and deliver them as herein provided in civil cases, but the official shorthand reporter shall receive no pay for same; provided that should any such affidavit so made by any defendant be false, he shall be prosecuted and punished as now provided by law for making false affidavit."

By act of the 39th regular session of the Legislature, Chapter 202, page 669, of the general laws of the 39th Legislature, the stenographer's act was amended and Art. 845A above quoted was left out and by express terms repealed by this law. This amended law took effect on June 18, 1925. The same session of the Legislature in a bill entitled an act to adopt a C. C. P. for the state, enacted what is commonly known as the new C. C. P. for this state and in this code the above article of the statute in a modified form is again enacted into law. Sec. 6, Art. 760, C. C. P. The act of the Legislature adopting the C. C. P. by its express terms did not take effect until the first day of September, 1925. Under these conditions, we are forced to hold that on the 10th day of August, 1925, at the time the defendant filed his affidavit in forma pauperis in the Criminal District Court of Dallas County, Texas, and at the time he requested the judge of said court to make an order directing the court reporter to transcribe and file with the clerk of said court the statement of facts, there was no statute in force in Texas requiring the trial judge to direct the court reporter to transcribe and file with the clerk of said court a

statement of facts under the conditions shown in appellant's application, It is therefore our opinion that the writ of mandamus should be refused.

*Mandamus refused.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that if he does not show himself entitled, under the penal statutes, to an order directing the stenographer to make out and file a statement of facts herein, still under Art. 2098, Vernon's Civil Statutes, he is so entitled. While we are of opinion that said article relates only to civil appeals, and has no bearing whatever on statements of fact, if we give to appellant the benefit of any doubt in this regard, we still believe that he wholly fails to bring himself within the rules laid down by the courts in construing said last named article. He did not file his affidavit in forma pauperis during the trial term, which is held to be necessary in Dixon v. Bldg. & Loan Ass'n, 28 S. W. Rep. 58; Emerson v. M., K. & T. Ry. Co., 82 S. W. Rep. 1060; Sanders v. Benson, 114 S. W. Rep. 436; Dixon v. Lynn, 154 S. W. Rep. 656. He did not describe the judgment from which he was appealing. McShirley v. Hoard, 46 S. W. Rep. 373; Bush v. Atwood, 133 S. W. Rep. 924. He secured no order from the court below during the trial term allowing his appeal on such affidavit. Smith v. Oil Co., 85 S. W. Rep. 482. When the affidavit in the instant case was presented to the learned trial judge, after the expiration of the term in which conviction was had, the court refused appellant's request for an order directing the stenographer to make out such statement of facts. We further observe that the record shows that appellant had an attorney of his own employment representing him, and no reason is assigned for failure or refusal on his part to prepare and present to the court below a statement of the facts.

The motion for rehearing will be overruled.

*Overruled.*

LATTIMORE, JUDGE.—Appellant was convicted in Criminal District Court No. 2 of Dallas County, of the offense of murder, and his punishment fixed at twenty-five years in the penitentiary.

The case is before us without any statement of facts. Appellant urges that his bills of exception Nos. 4, 5 and 6 show reversible error in spite of such absence of facts. Bill No. 4 sets up that Jack Williams, husband of deceased, was the only eyewitness to the homicide, and on the day the case was first set for trial he came into the court room, as a witness for the state, in such condition of stupor or drunkenness that the learned trial judge held him in contempt, fined him one hundred dollars, and ordered him sent to jail. It is further set up that on the next day while the case was being tried, and on cross-examination of this witness, the defense sought to show that he was a dope fiend, and "drunk or full" when the court had him sent to jail the day before. The witness stated that he was neither drunk nor under the influence of dope but was sick and highly nervous. It is set up that thereupon the trial judge said to the witness: "I owe you an apology, if you were sick yesterday. Mr. Clerk, remit that fine." A great injustice has been done and I owe this man an apology." It is urged that this action of the court was in some way hurtful to appellant. We do not think so. If the court had hastily and in the presence of any member of the jury waiting to be passed on, fined said witness and ordered him to jail—it was but the manly and proper thing for him to make the apology likewise upon the discovery of his mistake. The court's correction could appear in no way to affect the jury's belief as to the veracity of said witness.

Bill No. 5 complains that over appellant's objection he was forced to answer, on his own cross-examination, the question as to whether on complaint filed against him he had been arrested and put in jail for a felony, to-wit: bootlegging. The contention is seemingly settled against appellant. In White v. State, 33 Tex. Crim. Rep. 177, it is said: "But it seems this rule does not apply when the credibility of a witness only is sought to be attacked on cross-examination, for in that state of case he may be compelled to answer as to his previous convictions of infamous crimes." Many authorities are cited. See also Bratton v. State, 34 Tex. Crim. Rep. 477; Smiley v. State, 80 Tex. Crim. Rep. 280. It was proper in the charge to limit the effect of this testimony.

We find nothing in bill of exception No. 6 calling for any action on our part in the absence of a statement of facts. We can not determine whether the testimony was pertinent to any issue or not.

The numerous special charges which were asked and refused present issues whose applicability cannot be determined in the absence of the facts. The charge as given by the court seems to fully and fairly present every issue raised.

No error appearing in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that we were in error in holding that the trial court correctly overruled his objection to the question state's counsel propounded to appellant while on the witness stand, in substance, "was there a complaint filed against you and you arrested on a charge of bootlegging while you lived on Houston Street?" There are many cases cited by appellant and arguments made by him in his motion which do not seem to us to apply to the only objection made by him appearing in his bill of exception No. 5, complaining of this matter. We have carefully examined the bill and again state that appellant objected on the ground that the record was the best evidence. In support of this he called the court's attention to the case of Williams v. State, 74 Tex. Crim. Rep. 280. We find nothing in the Williams case condemning the action of the trial court in overruling the objection. The defendant or any other witness can be impeached by showing that he has been legally charged with a felony or with a misdemeanor imputing moral turpitude, and this does not demand that the proof show a conviction or an indictment. One who has been arrested upon a complaint legally filed charging him with felony, can be asked while a witness if such be not a fact. While it is unquestionably true that if sufficient time has elapsed and the matter has been investigated and no indictment returned, such matter will not be held sufficient to impeach the person so interrogated. This objection was not made in the court below. The trial court is only called upon to rule on objections that are made, and this court has before it only a review of the correctness of the trial court's action in overruling such objection.

We are unable to agree that the charge of the court limiting the purpose for which this evidence was admitted, is incorrect. The exception to this charge was that there was no evidence that defendant had been arrested charged with bootlegging—

that the question propounded by the district attorney to defendant had been denied.

Being unable to agree with appellant in his contentions, the motion for rehearing will be overruled.

*Overruled.*