### GATES v. UNION TERMINAL CO. et al. (No. 9797.)

(Court of Civil Appeals of Texas. Dallas. Nov. 6, 1926.)

1. **Appeal and error** ⊙⟹389(1)—**Statute relative to appeal of one unable to pay costs should not be construed to impair exercise of right of appeal (Rev. St. 1925, arts. 2265, 2266).**

Rev. St. 1925, art. 2266, relative to appeal of one unable to give cost bond provided in article 2265, should not be construed to impair or unnecessarily complicate exercise of right of appeal.

2. **Appeal and error** ⊙⟹389(3) — **Nonresident appellant may make proof of inability to pay costs on appeal before county judge of his residence (Rev. St. 1925, art. 2266).**

One residing in county other than that in which litigation is pending, and who can only perfect appeal under Rev. St. 1925, art. 2266, may invoke strict proof of inability to give security for costs of appeal or to pay any part thereof before county judge of his residence, regardless of whether court that tried case was in session.

Action by Henry Gates against the Union Terminal Company and another. Judg-

ment for defendants, and plaintiff appeals. Motion to dismiss appeal was overruled. On motion for rehearing of motion to dismiss. Motion overruled.

Robertson, Robertson & Gannon, of Dallas, for the motion.

John White, of Dallas, opposed.

PER CURIAM. Motion to dismiss appeal overruled.

### On Motion for Rehearing.

JONES, C. J. On a former date, this court overruled a motion to dismiss the appeal because appellant had not made proof of his inability to pay the cost of appeal or to give security therefor, under the terms of article 2266, R. S. 1925. Appellees have filed a motion for rehearing, in which it is claimed that the decision of this court is contrary to former decisions of the Supreme Court, and of the Courts of Civil Appeals.

This contention arises from the following facts: Appellant, as plaintiff, filed the suit in the district court of Dallas county, Tex., against appellees, the Union Terminal Company and the St. Louis Southwestern Railway Company of Texas, and on a trial judgment was entered in favor of both defendants in said suit. On February 13, 1926, this judgment became final by the overruling of appellant's motion for a new trial and notice of appeal was given. Appellant is a resident of Travis county, Tex., and on February 17, 1926, made proof before the county judge of Travis county of his inability to give security for the costs on appeal, or to pay the same, or any part thereof. This proof was in the form of an affidavit, subscribed and sworn to by Gates before said county judge, and is accompanied by a certificate of the county judge, properly certifying that the proof was made before him as such county judge. This affidavit was filed on the 19th day of February with the district clerk of Dallas county, Tex., as a part of the record of this cause. At the time the proof was made before the county judge of Travis county, the term of the district court of Dallas county, at which the cause was tried, had not adjourned and was in session.

Appellees contend that, under the above state of facts, the only forum authorized by article 2266 to hear the proof of appellant's inability to pay or secure the costs was the court in which the case was tried; that appellant could only make the required proof before the county judge of Travis county on the contingency that the district court of Dallas county, in which the case was tried, was not in session and had adjourned its term, and urges that such construction has been placed on this statute in Rhodes v. Coleman-Fulton Pasture Co., 185 S. W. 355,

---

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

by the Court of Civil Appeals at San Antonio, and by the Supreme Court in C. E. Graves v. Henry Horn, 89 Tex. 77, 33 S. W. 322. We can neither agree to this contention, nor to the conclusion as to the effect of the above-named decisions on the question under review.

Article 2266 reads as follows:

"Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, to do so, he shall make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case and shall consist of the affidavit of the party stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon the court trying the case, if in session, or the county judge of the county in which the suit is pending, shall hear evidence and determine the right of the party to his appeal."

It will be observed that this statute contains three separate and distinct provisions —the first providing for the exercise of the right of appeal by one who is "unable to pay the costs of appeal, or give security therefor" by such person's making strict proof of his inability to do so; the second providing both the manner in which this proof shall be made and of what it shall consist; the third providing for the right of contest by any officer of the court or party to the suit and naming the forum where such contest shall be determined. The purpose of this statute is so succinctly and clearly stated by our Supreme Court in the case of Wooldridge v. Roller, 52 Tex. 447, that we quote therefrom:

"Its evident purpose is to enable the appellant to make prima facie proof of his inability to give the required security, either in the county where the suit is tried or in the county where he resides, and to enable those having conflicting interests to controvert such proof in the county where the case was decided."

[1] In the case of Pendley v. Berry & Towles et al., 95 Tex. 72, 65 S. W. 32, the court, after noting the incompleteness of the statute in some respects, announces the following as a guide to a correct construction of its provisions:

"It must be borne in mind that these provisions are not intended to confer nor to defeat the right of appeal, but to aid in its exercise, and mere incompleteness of the provisions does not necessitate a denial of the right. The courts are clothed with power, by rule or construction consistent with the express statutory regulations, to help them out so as to perfect and preserve the right."

Then again the following:

"Care should be taken to avoid such a construction and application of the law as would impair or unnecessarily complicate the exercise of the right of appeal."

[2] In the light of this announcement, let us examine that provision of the statute providing for the manner in which the proof required shall be made. The statute says:

"Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case."

This language is clear and unambiguous, and authorizes a person unable to perfect his appeal by giving the cost bond provided for in article 2265, R. S., to appear before either of the two designated forums and make the required proof. It does not suggest any condition attached to the making of his choice for such purpose. The appellant, as shown by the proof made in this case, is unable to perfect an appeal in any other way than under the provisions of this statute. He resides in Travis county. If he is unable to pay any portion of the cost of appeal, and, as the proof of this fact was not contested it must be taken as true, the only fair inference is that he is also unable to pay the cost of a journey from his home in Travis county to Dallas county to make proof of such inability before the court that tried the case. To construe this portion of the statute as attaching to it the condition that he could only go before the county judge of his residence in the event that the court could not hold a session for hearing this proof because of adjournment for the term, is to violate the second rule of construction above announced and to use this statute for the purpose to deny an appeal rather than as one to aid an appeal. It would also strike down one of the purposes of the statute, as announced by the Supreme Court in the quotation from Wooldridge v. Roller, supra. We do not think it is going afield to conclude that the intention of the Legislature, in giving to such person, residing in another county than the one in which his suit was tried, the right to go before the county judge of his residence and make the required proof to appeal his case, intended to provide against what might be to him an impossible condition in perfecting his appeal.

It is true that the two cases relied upon by appellees contain language which, if given application beyond the facts of the cases before them, would warrant the narrow construction of the statute for which they contend. In the decision by the San Antonio court, the case was tried in the county court, and the proof of inability was made before the county judge of that county and not before the county court, though such court had not adjourned its term.

The effect of this decision is that, in a case where the party seeking to perfect his appeal under the terms of this statute resides in the same county in which the liti-

gation is pending and the court in which the case is tried is in session, such party must make the required proof before the court, and cannot avail himself of the privilege of going before the county judge of that county. Such is not the case before this court, and we shall not extend such construction to include cases in which the party appealing resides in a different county from the one in which the litigation is pending.

In the Horn Case, supra, by Judge Gaines, the case was tried in the district court, and an affidavit of inability was sworn to before the clerk of said court and filed with him, and the question was whether proof thus made before a district clerk is proof made before the district court. The one seeking the appeal in that case resided in the county, and the language used by Judge Gaines must be taken as written in contemplation of the facts of that case.

The statute does not permit the trial of the contest to be in any other forum than one in the county in which the litigation is pending. It is only the prima facie case, allowing an appeal in forma pauperis, that can be made in the county of appellant's residence, and the affidavit embracing the necessary proof must be filed with the clerk of the court within the time allowed by law for perfecting an appeal. The officers of the court are given the right to contest, and the venue of this contest is fixed in the county of their residence. No interested party, therefore, can suffer by reason of this construction of the statute.

We conclude that a proper construction of this statute permits one, who resides in a county other than the county in which the litigation is pending, and who can only perfect his appeal under the provisions of this statute, to avail himself of the opportunity afforded by the statute to make strict proof of his inability to give security for costs of the appeal or to pay same or any part thereof, before the county judge of his residence, and this without regard as to whether the court that tried the case is in session at the time the proof is made or not.

The motion for rehearing is overruled.