## ROLLINS v. J. C. HICKEY ESTATE.

### No. 3881.

Court of Civil Appeals of Texas. Texarkana. July 10, 1930.

W. M. Futch and J. O. Cooper, both of Henderson, for appellant.

Chas. L. Brachfield, of Henderson, for appellee.

WILLSON, C. J.

The contention is that the proof in lieu of an appeal bond did not entitle the appellant, Lizzie Rollins, to prosecute the appeal, because such proof was not made before the court trying the case, and because the judgment appealed from was not sufficiently described in the affidavit constituting the proof.

■■■ By the terms of the statute (article 2266) a party "unable to pay the costs of appeal, or give security therefor" is nevertheless entitled to prosecute an appeal if he makes "strict proof of his inability to pay the costs, or any part thereof." Under some circumstances such proof may be made before the county judge of the county where such party resides, as it was in this case; but it is held the proof cannot be made before such county judge if the court trying the case is in session, as it was when the proof in question here was made, and that same must be made before the court trying the case. Graves v. Horn, 89 Tex. 77, 33 S. W. 322; Owens v. Ins. Co. (Tex. Civ. App.) 23 S.W.(2d) 444; 3 Tex. Jur. 349. It appears in the record that the proof was made before the county judge February 28, 1930, and that the court trying the case was then in session and continued in session until March 15, 1930.

■■ It is held that an affidavit relied upon as statutory proof in lieu of an appeal bond "must identify the judgment appealed from with the same certainty as is required in an appeal bond." Demonet v. Jones (Tex. Civ. App.) 42 S. W. 1033, 1034. In such a bond the description must be so definite and accurate as to certainly identify the judgment "without resort to evidence dehors the record." Southern Pac. Ry. Co. v. Stanley, 76 Tex. 418, 13 S. W. 480; 3 C. J. 1152, and authorities cited in note 55. The judgment in question was rendered January 29, 1930, in the cause numbered 7849 and styled "J. C. Hickey Estate v. Lizzie Rawlings et al." on the docket of the district court. It was in favor of "E. F. Crim, executor of the estate of J. C. Hickey, deceased," against Lizzie Rollins and Albert Rollins for the title and possession of a described tract of land and costs of the suit. In the affidavit constituting the proof relied upon the judgment was described as one rendered in cause No. 7849, styled "J. C. Hickey Estate v. Lizzie Rollins et al." on the docket of said court, "on the ——— day of February, 1930," in favor of J. C. Hickey against Lizzie Rollins for the title and possession of land, "together with (quoting) a personal judgment against her for the sum of $———, with interest and writ of foreclosure of the alleged vendor's lien, besides costs of suit." It will be noted that while the statement in the affidavit, so far as it was that the judgment appealed from was for land and costs and was rendered in cause No. 7849, styled J. C. Hickey Estate v. Lizzie Rollins et al., was correct when applied to the judgment in question here, it was incorrect so far as it was that said judgment was rendered in February, 1930, was in favor of J. C. Hickey and against Lizzie Rollins alone, and was for a sum of money and foreclosed a vendor's lien. Considering the description as a whole, we do not think it can be said it was sufficient to certainly identify the judgment "without resorting to evidence dehors the record." Bush v. Atwood (Tex. Civ. App.) 133 S. W. 924.

The conclusion reached is that the "proof" in lieu of an appeal bond was insufficient for the reasons specified, and that we cannot do otherwise than dismiss the appeal for want of jurisdiction to hear and determine it.