McBRIDE et ux. v. FREEMAN et al.

No. 3960.

Court of Civil Appeals of Texas. Texarkana.
Feb. 10, 1931.

Rehearing Denied Feb. 26, 1931.

Wm. V. Brown, of Texarkana, for appel-
lants.

S. I. Robison, of Texarkana, for appellees.

LEVY, J.

Arch Freeman brought the suit against
Robert McBride and his wife to recover on
a note and for foreclosure of a mechanic's
lien. On January 7, 1926, Robert McBride
and his wife entered into a written contract
with A. T. Iles to build and complete a house
according to plans and specifications agreed
upon on a certain lot in Texarkana. The
consideration was to be $800 in full payment
for the labor and material used. The note
was drawn up for $800 and delivered to A.
T. Iles, payable to him or his order. The
contract was duly acknowledged in the form
required by law by McBride and his wife
and was filed for record on January 22, 1926.
A. T. Iles, failing to obtain the finances ex-
pected, by written assignment duly acknowl-
edged, assigned the contract and indorsed the
note to Arch Freeman, a contractor. A. T.
Iles then continued to work on the building
as a workman in the employ of Arch Free-
man.

The appellants pleaded that the lot was
homestead, and that the mechanic's lien con-
tract was void because it was not executed
before the labor and materials were fur-
nished. They further pleaded that the con-
tract was not performed in accordance with
its terms and there was only part perform-
ance in the building and construction of the
house. By cross-action the appellants
sought to recover (1) $500 as damages for

failure to complete the contract; and (2) $1,-400 for alleged conversion of certain personal property. The case was submitted to the jury upon special issues. The jury made the findings: (1) A portion of the house was constructed prior to the execution of the mechanic's lien contract; (2) the value of the labor and materials paid for and used by appellees in the building was $378.81; (3) $450 was the value of the personal property taken by appellee. Judgment was entered for the plaintiff for the $378.81, with interest and attorney's fees, and with foreclosure of the mechanic's lien, and in favor of the defendants against the plaintiff for $450 for conversion. The court denied the defendants' claim for damages for failure to complete the house. The judgment is not complained of so far as the evidence is concerned.

■ The principal complaint of the appellant is that the contract lien was void because the property was homestead and the contract was not made until after some of the material had been furnished to build the house. The appellants pleaded that the lot was homestead. The evidence as given by the appellants, though, was very brief. Robert McBride said: "I was building the house to live in, it was (to be) my home." Virginia McBride, the wife, testified, "At the time they were building the house we live in now, we were living on the Mays place. I wasn't around there when the house was being built, I was out on the Mays place." The Mays place was a farm. There is no evidence of any use or occupation of the lot by appellants prior to the time the present house was placed there. The above-quoted evidence is all the evidence bearing upon the question of homestead. In view of the evidence, it must be presumed, as urged by the appellee, that the trial court found as a fact that there was no homestead right involved in the case. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Lucas v. Thompson (Tex. Com. App.) 29 S.W.(2d) 1024, 1025.

■ Appellants further complain that it was error to allow a recovery to be had by appellee as of "a quantum meruit for the labor and material furnished," when not pleaded by appellee. The appellants themselves pleaded and claimed that there was a partial performance only of the contract by the appellee. It is inferable that upon this plea the issue of partial performance was submitted by the court to the jury for finding thereon. The court submitted to the jury the question: "What do you find from a preponderance of the evidence was the value of the lumber, labor, and other materials furnished or paid for by Mr. Arch Freeman in the construction of the building in question?" The jury's answer was: "$378.81." The judgment as entered, being in keeping with the above finding of the jury, would be referred for support to the pleading of appellants. The assignment of error, therefore, would not warrant reversal.

We have considered the remaining assignments of error and think they should be overruled. The appellee in this case has made a motion to dismiss the appeal for want of compliance with statutory provisions. We think the motion should be overruled.

The judgment is affirmed.

### On Motion to Dismiss Appeal.

#### Statement.

The appellees make a motion to dismiss this appeal, which was prosecuted under affidavit of inability to pay costs in lieu of bond. The appellees brought the suit and recovered a judgment against Robert McBride and wife, the defendants in the case, in the district court of Bowie county, Tex. Bowie county was the residence of all the parties to the suit, both the defendants and plaintiffs. The defendants' motion for a new trial was overruled on July 16, 1930, and they gave notice of appeal from the judgment. Thereafter on July 29, 1930, the defendants, McBride and wife, made and signed an affidavit reciting, among other things, that they desired to prosecute an appeal to the Court of Civil Appeals from the judgment rendered in the district court, and that they were unable to pay the costs of the appeal or any part thereof and were unable to give security therefor. The affidavit was made before the county judge of Bowie county, Tex. The county judge made and officially signed, omitting the formal parts, the following:

"I do hereby certify that the said Robert McBride and Virginia McBride, defendants in the above and foregoing styled cause, numbered 828, pending in the District Court of Bowie County, Texas, appeared before me, and that after being by me duly sworn, that I took the proof of the facts stated in the above and foregoing affidavit in lieu of an appeal bond, and that after said proof was reduced to writing, the said Robert McBride and his wife, Virginia McBride, each subscribed and swore to the same before me; and I further certify that upon the evidence and the proof adduced, I find as a fact that the defendants, Robert McBride and wife, Virginia McBride, and each of them, are unable to pay the costs, or any part thereof, and are unable to give security therefor.

"Witness my hand and seal of office this 29th day of July, A. D. 1930."

On July 30, 1930, the appellants filed the affidavit with the above certificate of the county judge attached thereto, with the district clerk of Bowie county, Tex. The district court of Bowie county, in which the

judgment was rendered, was in continuous session from May 12, 1930, to August 30, 1930, when it was finally adjourned for the term. No contest was ever filed by any officer of the court, or party to the suit, or by any other person, to the affidavit so made by appellants of their inability to pay the costs.

### Opinion.

 The appellee contends that the appellate court has not jurisdiction of the cause sought to be appealed, because under the terms of the statute the county judge was without any authority to hear proof and make his certificate to the affidavit, the district court that tried the case being in session and not having adjourned for the term. The statutory provision authorizing the appeal without giving the security otherwise required in the form of a bond reads: "Art. 2266. *Party Unable to Give Cost Bond.*— Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, to do so, he shall make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of the party stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon the court trying the case, if in session, or the county judge of the county in which the suit is pending, shall hear evidence and determine the right of the party to his appeal." This statute has been applied in numerous cases to various state of facts, and it would serve no purpose in referring to such cases. It is only necessary to consider whether or not the special facts of the present appeal are within the terms of the statute. The statute evidently contemplates, and means to say, as is necessarily implied from what is expressed, that, if the affidavit of poverty be not "contested by any officer of the court, or party to the suit," then and in such event the authority and the tribunal jurisdiction to approve and make certificate to an affidavit of poverty would rest in either "the County Judge of the county where such party resides," or "the court trying the case," according as the party in the particular case might select to promote his convenience. Such is the construction of the article in the following cases under facts like the present appeal. Gates v. Union Terminal Co. (Tex. Civ. App.) 288 S. W. 483; Cox v. Gafford (Tex. Civ. App.) 26 S.W.(2d) 412. In this case the affidavit and certificate of the county judge were duly filed in the court trying the case and within the time required to perfect the appeal. Wooldridge v. Roller, 52 Tex. 447, and other cases.

In the case of Rollins v. Hickey Estate, 30 S.W.(2d) 599, decided by this court, it was intended by this court to stress the insufficiency of the affidavit in describing the judgment rendered and to give that as the principal reason for dismissing the appeal. We therefore desire to now limit and confine the ruling in that case to the above ruling pointed out in order that that case may not appear in apparent conflict with our present ruling.

The motion is overruled.