## WOFFORD v. DAVIS.
### No. 9836.

Court of Civil Appeals of Texas. Galveston.
April 7, 1933.

W. S. Leslie, of Bay City, for plaintiff in error.

LANE, Justice.

On the 20th day of April, 1931, G. H. Davis, doing business under the trade-name of Davis & Co., filed this suit in a justice's court of Brazoria county upon a verified account for $99.13 against J. O. Wofford, and, while such suit was pending in said court, Davis & Co. caused to be issued a writ of garnishment against the First State Bank of Brazoria, Tex. Such writ was duly served upon such bank on the 20th day of April, 1931. J. O. Wofford made no answer to the suit upon the verified account.

At the May term of the justice's court, the First State Bank of Brazoria filed its answer to the garnishment proceedings, in which it said that it was indebted to J. O. Wofford in the sum of $122.82 and was so indebted when the writ of garnishment was served on it; that such sum was a deposit in the bank subject to check or checks drawn by J. O. Wofford; that on March 27, 1931, J. O. Wofford deposited with it $213.32, same being the net proceeds of a loan against his United States veteran's adjusted service certificate; that Wofford had issued checks and had reduced the deposit to $122.82, which is now held subject to the writ of garnishment.

On May 12, 1931, J. O. Wofford filed his motion to quash the writ of garnishment, in that it is shown by the answer of garnishee that his deposit in the bank is money derived from a loan of his adjusted service certificate issued by the government of the United States, and is not subject to garnishment or seizure of any kind.

On May 12, 1931, J. O. Wofford answered the suit of Davis & Co. for $99.13, denying generally.

A jury chosen on said 12th day of May to try the garnishment suit returned the following verdict: "We, the jury find that this Bank account was subject to garnishment."

On the same day, May 12, 1931, the following judgment was rendered in the justice's court:

"On this 12th day of May, A. D. 1931, came on to be heard the above entitled and numbered cause, and it appearing to the Court that J. O. Wofford is indebted to Davis & Co. in the sum of $99.13, which said sum is due and unpaid, and that the said Davis & Co., paintiff in cause No. 1138 on the docket of this Court, has recovered judgment against J. O. Wofford, Deft. in said suit for said sum of $99.13, with interest at the legal rate from date till paid, and for costs of suit, said judgment being dated 12th day of May, 1931, and it further appearing to the Court that First State Bank, Brazoria, Texas, is indebted to J. O. Wofford in the sum of $122.82, and that J. O. Wofford by his attorney, upon the trial of this cause filed an answer claiming that said $122.82 was exempt from Garnishment and demanded a Jury to determine said issue, whereupon a jury of six good and lawful men was summoned, empaneled and sworn, who after fully hearing the cause, the pleadings, the law read and argument of counsel, retired, deliberated and returned the following verdict: 'We the Jury find that this bank account is subject to Garnishment. J. D. McMurray, Foreman.'

"It is therefore ordered by the Court Davis & Co. have and recover of and from First State Bank, Brazoria, Texas, Garnishee, Judgment for $99.13 and $2.90 costs and all costs in this behalf expended for which let execution and all necessary and proper writs issue.

"J. L. Main, J. P. Prect. No. 2,
"Brazoria County, Texas."

J. O. Wofford gave notice of appeal from such judgment to the county court of Brazoria county, and in due time filed his affidavit of inability to pay cost or make an appeal bond; such affidavit being in due and proper form and sworn to before W. E. McNabb, county judge of Matagorda county, Tex.

At the time said judgment was rendered in Brazoria county and at the time the affidavit was made and filed J. O. Wofford was a resident of Matagorda county, Tex.

Upon the cause being called for hearing in

the county court of Brazoria county, the judge of said court dismissed the appeal on motion of defendant in error, holding the affidavit filed in lieu of an appeal bond insufficient to support the attempted appeal, in that the record did not show that the county court of Matagorda county was in session at the time the proof of inability to pay or secure costs was before the county judge of Matagorda county.

Plaintiff in error insists that the county judge of Brazoria county erred in holding that the affidavit filed in lieu of an appeal bond was insufficient to support the appeal. We sustain the contention.

A party appealing from a judgment against him, and who resides in a county other than that where the suit is pending, may make his affidavit and proof thereunder of inability to pay or secure costs, in lieu of appeal bond, before the county judge of the county of his residence, regardless of whether the county court of such county is in session.

Under article 2457, Revised Statutes of 1925, one who desires to appeal, and is unable to pay or secure costs is authorized to make affidavit and proof of that fact before the county judge of the county of his residence or the court trying the case. Gates v. Union Terminal Co. (Tex. Civ. App.) 288 S. W. 483.

For the reasons pointed out, the judgment is reversed, and the county judge of Brazoria county is hereby instructed to proceed to a trial of the case de novo on its merits.

Reversed and remanded, with instructions.