## ROBINSON v. ROBINSON.

No. 13672.

Court of Civil Appeals of Texas. Fort Worth.

March 26, 1937.

Rehearing Denied May 21, 1937.

C. C. Gumm, of Fort Worth, for appellant.

Houtchens & Houtchens, J. Harold Craik, and J. Elwood Winters, all of Fort Worth, for appellee.

SPEER, Justice.

Appellee has filed a motion to dismiss the appeal in this case for the insufficiency of the affidavit by appellant in lieu of a bond for cost. In the motion several grounds are urged, some of which we consider sufficient to require us to sustain it.

There can be no question but that appellant has her right of appeal upon an application in proper form, showing her inability to pay costs or to give security therefor. Article 2266, Rev.Civ.Statutes, as now amended (Vernon's Ann.Civ.St. art. 2266).

However, the affidavit in lieu of appeal bond must describe the judgment appealed from with the same degree of certainty as is required in appeal bonds. We also think the better practice would require that the affidavit show the nature of the judgment rendered from which an appeal is taken, and it being shown, that notice thereof was given at the proper time after due exceptions taken. Rollins v. Hickey Estate (Tex.Civ.App.) 30 S.W.(2d) 599; McBride v. Freeman (Tex.Civ.App.) 36 S.W.(2d) 610; Demonet v. Jones (Tex.Civ.App.) 42 S.W. 1033; Davis v. National Bond & Mortgage Corp. (Tex.Civ.App.) 45 S.W.(2d) 272.

The appellant has the right to amend the affidavit within ten days from date of notice of the sustaining of a motion to dismiss for defects therein, and we here hold that unless appellant shall have filed an amended affidavit in proper form within ten days from notice hereof, an order of this court will at that time be entered dismissing the appeal. Article 2266, Rev.Civ.Statutes, as amended.

On Motion for Rehearing.

On April 9, 1937, we granted an application of appellant for a writ of mandamus against respondent Henry Gould, official court reporter for the Ninety-Sixth district court of Tarrant county, requiring him to make and deliver to appellant a narrative statement of the testimony offered in the trial of this cause.

Respondent Gould has filed his motion for a rehearing in the mandamus proceeding. He urges, in support of his motion, the proposition that the time has now expired in which appellant could file a statement of facts in this court, and we should not require him to do a useless thing.

The motion states that we did not write an opinion in the hearing and respondent does not know upon what theory of law the order was entered. We did not consider it necessary to write an opinion upon the hearing, nor do we now think one would have been of any help to the parties. The appellant had perfected her appeal to this court and was entitled to a statement of facts to be considered by us. We found no impediment in her way, upon which to deny her this right.

The motion before us states that we perhaps overlooked the provisions of article 1839, Rev.Civ.Statutes, as amended (Vernon's Ann.Civ.St. art. 1839), and the

late cases of Wall v. Gillen (Tex.Civ.App.) 63 S.W.(2d) 270, and McCollum v. Tudor (Tex.Civ.App.) 100 S.W.(2d) 739, by this court, construing the statute referred to.

We were not unmindful of the authorities cited, but do not consider them applicable to the filing of statement of facts. Article 1839, as now amended, applies only to filing transcripts in the appellate court; an examination of the cases cited likewise are on that point and do not refer even remotely to the filing of the statement of facts.

■ Rev.Civ.St. art. 2245, and article 2246, as amended (Vernon's Ann.Civ.St. art. 2246), control the filing of statement of facts. If and when such statement is tendered for filing in this court, we shall expect the requirements there set out to be met.

Respondent's motion for rehearing is overruled.